**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEFFREY J. PROSSER. | ) | Civil No. 2008-93 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | Case No. 06-30009 (JFK) |

**APPEARANCES:**

**Michael J. Lichtenstein, Esq.**
Rockville, MD
    *For Jeffrey J. Prosser,*

**Robert F. Craig, Esq.**
Omaha, NE
    *For Jeffrey J. Prosser,*

**Thomas Alkon, Esq.**
St. Croix, U.S.V.I.
    *For Jeffrey J. Prosser,*

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
    *For Jeffrey J. Prosser,*

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
    *For Greenlight Capital Qualified, L.P., Greenlight Capital,*
    *L.P., Greenlight Capital Offshore, Ltd.,*

**Thomas J. Allingham II, Esq.**
Wilmington, DE
    *For Greenlight Capital Qualified, L.P., Greenlight Capital,*
    *L.P., Greenlight Capital Offshore, Ltd.,*

**Charles S. Russell, Jr., Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative,*

**J. Daryl Dodson, Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative,*

*In re Prosser*
Civil No. 2008-93
Memorandum Opinion
Page 2

**William R. Greendyke, Esq.**
Houston, TX
    *For Rural Telephone Finance Cooperative,*

**Jeffrey K. Cymbler, Esq.**
New York, NY
    *For James P. Carroll, Chapter 7 Trustee,*

**Michaela C. Crocker, Esq.**
**Daniel C. Stewart, Esq.**
Dallas, TX
    *For Stan Springel, Chapter 11 Trustee and Innovative Communication Company, LLC,*

**Craig V. Rasile, Esq.**
Miami, FL
    *For Stan Springel, Chapter 11 Trustee and Innovative Communication Company, LLC.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the appeal of Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd. (together "Greenlight") of the Bankruptcy Division's June 6, 2008, "Order of Court Overruling Greenlight's Objection to Proof of Claim filed by Banco Popular Pursuant to Bankruptcy Rules 3001 and 3007 and Ordering Banco Popular's Counsel to File Statement of Fees and Costs."

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court has previously outlined the facts of this matter in *In re Prosser*, Civ. No. 2007-156, 2008 U.S. Dist. LEXIS 44654 (D.V.I. June 6, 2008) and *Prosser v. Springel*, Civ. Nos.

*In re Prosser*
Civil No. 2008-93
Memorandum Opinion
Page 3

2008-16 and 2008-18, 2008 U.S. Dist. LEXIS 44655 (D.V.I. June 6, 2008),[1] the Court recites only those facts pertinent to its analysis in this particular appeal.

On December 22, 2006, Banco Popular de Puerto Rico ("BPPR") filed a proof of claim in the Bankruptcy Division. In its proof of claim, BPPR asserted a secured claim against Jeffrey J. Prosser's ("Prosser") estate in the amount of $1,138,141.44. The claim is evidenced by a term note and a pledge agreement. Pursuant to the note and pledge agreement, Prosser pledged 10,000 shares of common stock of the Virgin Islands Community Bank ("VICB") as collateral for a loan in the amount of $3,250,180.11. Prosser then gave BPPR a security interest in the stock, and turned over the actual stock certificate to BPPR.[2]

At the time of the pledge agreement, Prosser was a director of VICB. The 10,000 shares of common stock referenced in the pledge agreement represented Prosser's entire equitable interest in VICB. Those shares are grouped in a single stock certificate.

---

[1] *See also In re Innovative Commun. Co.*, Civ. Nos. 2007-105, 2007-106 and 2007-156, 2008 U.S. Dist. LEXIS 43986 (D.V.I. June 3, 2008); *In re Innovative Commun. Co., LLC*, Civ. Nos. 2007-105 and 2007-106, 2008 U.S. Dist. LEXIS 42699 (D.V.I. June 2, 2008).

[2] The stock certificate remained in BPPR's possession until the stock was sold in the bankruptcy proceeding below. At that time, BPPR relinquished the stock to Carroll in exchange for payment of its alleged secured claim.

*In re Prosser*
Civil No. 2008-93
Memorandum Opinion
Page 4

Prosser remained a director of VICB for a number of years after pledging the stock to BPPR.

On December 31, 2007, Greenlight filed an objection to BPPR's proof of claim, to which BPPR replied.  Thereafter, James P. Carroll, the Chapter 7 Trustee, joined in Greenlight's objection to BPPR's proof of claim. Stan Springel, the Chapter 11 Trustee for Innovative Communication Corporation ("Innovative"), also joined in Greenlight's objection.

On April 16, 2008, the Bankruptcy Division held a hearing on BPPR's proof of claim.  On April 21, 2008, Greenlight filed a motion seeking leave to file a supplement of authority in support of an argument made by counsel at the April 16, 2008, hearing. BPPR objected to Greenlight's motion.  The Bankruptcy Division issued an Order dated April 25, 2008, granting Greenlight's motion and giving BPPR an opportunity to respond to Greenlight's supplemental filing.  That Order also provided that Greenlight was to bare all costs associated with BPPR's response to that filing.

That same day, Greenlight notified BPPR that it was withdrawing its supplemental briefing and would not pay BPPR's

*In re Prosser*
Civil No. 2008-93
Memorandum Opinion
Page 5

costs and fees.³  Thereafter, BPPR filed its response to Greenlight's supplement.

The Bankruptcy Division's ruling at the April 16, 2008, hearing was reduced to an order dated June 6, 2008 (the "Claim Order").  The Claim Order overruled the objection to BPPR's proof of claim.  The Claim Order also noted that Greenlight was ordered to pay BPPR's fees and costs in connection with the filing of Greenlight's supplemental pleadings.  The Bankruptcy Division also ordered BPPR to submit an itemized statement of fees and costs relating to the supplemental briefing.

Greenlight now appeals the Claim Order.⁴  Greenlight raises two main arguments on appeal: (1) the Bankruptcy Division erred in finding that the VICB stock was validly transferred to BPPR as collateral; (2) the Bankruptcy Division erred in awarding BPPR fees and costs in association with Greenlight's supplemental briefing.

---

³ Apparently, Greenlight filed its supplemental briefing as an attachment to its motion for leave to file.

⁴ Greenlight timely filed its notice of appeal in accordance with Federal Rule of Bankruptcy Procedure 8002(a), which states that "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a).

*In re Prosser*
Civil No. 2008-93
Memorandum Opinion
Page 6

## II. JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction to review this case pursuant to Title 28 U.S.C. § 158(a) (2005).[5] An order allowing a claim is a final, appealable order. *See, e.g.*, *Orsini Santos v. Mender*, 349 B.R. 762, 768 (1st Cir. BAP 2006) ("An order allowing or disallowing a claim is a final, appealable order.")(citing *In re Perry*, 391 F.3d 282, 285 (1st Cir. 2004)).

"Appellate courts generally apply the 'clearly erroneous' standard to findings of fact and de novo review to conclusions of law." *Sacharko v. Geremia* (*In re Sacharko*), No. 06-032, 2007 Bankr. LEXIS 735, at * 3 (1st Cir. Jan. 17, 2007) (citations omitted). "In instances where a lower court has interpreted a statute, however, the reviewing court must exercise plenary review, being sure to read the disputed provision(s) in the context of the entire statute, while being mindful of the statute's objectives and policy arguments." *United States v. White*, 365 B.R. 457, 460 (M.D. Pa. 2007) (citing *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am.*, 508 U.S. 439, 455 (1993)).

---

[5] Title 28 U.S.C. § 158(a) provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a) (Lexis 2008).

*In re Prosser*
Civil No. 2008-93
Memorandum Opinion
Page 7

An award of attorney's fees and costs is reviewed for an abuse of discretion. *In re Nat'l Paragon Corp.*, 87 B.R. 11, 13 (E.D. Pa. 1988).

### III.   ANALYSIS

**A.   VICB Stock**

Greenlight raises several arguments regarding the VICB stock. The general thrust of Greenlight's arguments is that, pursuant to title 9, section 39(c) of the Virgin Islands Code ("Section 39(c)"), the VICB stock was non-transferable and therefore could not be held as collateral for BPPR's loan to Prosser.[6]

Section 39(c) provides:

> At least one-third of the total number of directors shall be bona fide residents of the United States Virgin Islands, and all shall be at least 21 years of age, and shall hold shares of the bank, subscribed in their name, of a par value of not less than $1,000 which shares shall be deposited in the bank while the said directors discharge their offices.

V.I. CODE ANN. tit. 9, § 39(c). Notwithstanding Greenlight's arguments, nothing in Title 9 warrants the conclusion that the VICB stock could not serve as collateral. Section 39(c) only

---

[6] The Court notes that the parties do not dispute that BPPR and Prosser entered into a loan agreement. All parties acknowledge that such a loan was made and that Prosser provided the VICB stock as collateral. The discord is found only in the determination of whether the VICB stock could serve as collateral for the loan.

*In re Prosser*
Civil No. 2008-93
Memorandum Opinion
Page 8

requires that a certain amount of shares be deposited with the bank, here VICB. Nothing in that section prevents the shareholder from using the stock as collateral to secure a loan.

Greenlight also argues that the Bankruptcy Division erred in holding that BPPR held a perfected interest in the VICB stock because the stock was not transferable. Specifically, Greenlight contends that because Section 39(c) requires that each director hold at least $1,000 in shares, and that such shares shall be held in the bank, any attempt by Prosser to transfer his VICB stock to BPPR was void or voidable. The Court does not agree.

Section 39(c) merely sets forth requirements for directors of a bank to follow. The statute also imposes penalties on directors for failing to comply with the banking laws. *See* 9 V.I.C. § 39(e).[7] Nothing in these statutory provisions prevents the VICB stock from serving as collateral for a loan or penalizes a third party for transfer of such stock.

---

[7] Section 39(e) provides:

The directors of a bank, as long as they observe the rules of the mandate vested in them by law, shall be exempt from personal liability, either separately or jointly, for their acts as directors of the corporation. If losses are incurred through willful violation of the laws or bylaws of the bank, or through willful infraction of any lawful resolution adopted at its general meetings, the directors responsible for such violation or infraction shall be jointly and severally liable for the full amount of such losses, and the shares deposited as required by subsection (c) of this section shall, if necessary, be applied against such amount.

9 V.I.C. 39(e).

*In re Prosser*
Civil No. 2008-93
Memorandum Opinion
Page 9

**B.   Fees and Cost Award**

Greenlight also argues that the Bankruptcy Division erred in awarding attorney's fees and costs to BPPR in association with Greenlight's supplemental briefing.  However, the Court is unaware of any fees that have been awarded in this matter to date.  As such, any claimed error on the part of the Bankruptcy Division as it relates to an award of fees is unripe for review.[8]

**IV.   CONCLUSION**

For the foregoing reasons, the Court will affirm the June 6, 2008, claim order.  An appropriate Order follows.

S\ _____
       **Curtis V. Gómez**
       **Chief Judge**

---

[8] Greenlight's claimed error amounts to putting the cart before the horse. Indeed, the Claim Order merely sets a schedule for BPPR to submit an itemized statement, for Greenlight to file its objections, and for BPPR to file a reply to the objections. Significantly, the Claim Order states that "[t]he Court will determine Banco Popular's reasonable fees and costs . . . on the papers alone." (June 6, 2008, Order, p. 7.)  The Bankruptcy Division may at any time prior to awarding fees decide that fees are not proper under the circumstances.

**FOR PUBLICATION**

```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
               DIVISION OF ST. THOMAS & ST. JOHN


In re:                          )
                                )
JEFFREY J. PROSSER.             )    Civil No. 2008-93
                                )
              Debtor.           )    Chapter 7
_____)    Case No. 06-30009 (JFK)
```

**APPEARANCES:**

**Michael J. Lichtenstein, Esq.**
Rockville, MD
    *For Jeffrey J. Prosser,*

**Robert F. Craig, Esq.**
Omaha, NE
    *For Jeffrey J. Prosser,*

**Thomas Alkon, Esq.**
St. Croix, U.S.V.I.
    *For Jeffrey J. Prosser,*

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
    *For Jeffrey J. Prosser,*

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
    *For Greenlight Capital Qualified, L.P., Greenlight Capital,*
    *L.P., Greenlight Capital Offshore, Ltd.,*

**Thomas J. Allingham II, Esq.**
Wilmington, DE
    *For Greenlight Capital Qualified, L.P., Greenlight Capital,*
    *L.P., Greenlight Capital Offshore, Ltd.,*

**Charles S. Russell, Jr., Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative,*

*In re Prosser*
Civil No. 2008-93
Order
Page 2

**J. Daryl Dodson, Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative,*

**William R. Greendyke, Esq.**
Houston, TX
    *For Rural Telephone Finance Cooperative,*

**Jeffrey K. Cymbler, Esq.**
New York, NY
    *For James P. Carroll, Chapter 7 Trustee,*

**Michaela C. Crocker, Esq.**
**Daniel C. Stewart, Esq.**
Dallas, TX
    *For Stan Springel, Chapter 11 Trustee and Innovative*
    *Communication Company, LLC,*

**Craig V. Rasile, Esq.**
Miami, FL
    *For Stan Springel, Chapter 11 Trustee and Innovative*
    *Communication Company, LLC.*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the appeal of Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd. (together "Greenlight") of the Bankruptcy Division's June 6, 2008, "Order of Court Overruling Greenlight's Objection to Proof of Claim filed by Banco Popular Pursuant to Bankruptcy Rules 3001 and 3007 and Ordering Banco Popular's Counsel to File Statement of Fees and Costs." For the reasons stated in the accompanying Memorandum Opinion of even date, it is hereby

*In re Prosser*
Civil No. 2008-93
Order
Page 3

**ORDERED** that the Bankruptcy Division's June 6, 2008, order is **AFFIRMED.**

S_____
   **Curtis V. Gómez**
   **Chief Judge**